Opinion by
Mr. Justice Day.
The sole matter for determination on this writ of error is whether the evidence supports the order of the Industrial Commission entered after hearing on a claim filed by plaintiff in error. The latter will be referred to as the claimant.
Upon review, the district court of the City and County of Denver affirmed the order of the Commission denying the claim, and it is to that judgment that writ of error is prosecuted.
Claimant is a physician specializing in the practice of orthopedics and orthopedic surgery. He suffered a heart attack which in medical terms was characterized as “acute auterior myocardial infarction.” He based his claim on “overwork and overexertion while associate was on vacation.” Claimant testified to having had a very busy week prior to the onset of the attack on a Friday. He described what was involved in seeing, treating and operating upon patients. However, the testimony also revealed that his work, on the whole at that time, was little different from his usual routine. For example, he had his usual day off on Wednesday. Admittedly the day before — a Tuesday — was apparently a relatively light one. One of the medical experts, viewing • the activities as related by claimant, stated the following:
“In reviewing this case from the standpoint of consideration of possible causal factors related to the coronary artery disease certain principles are to be kept in mind. The coronary artery disease which existed prior to the acute coronary occlusion is of long standing in this individual and probably has existed for some 20 years. The factors which probably underlie the development of a coronary artery disease are heredity, diet, emotions, etc. over a long period of time. Dr *353 Markheim has been very industrious and has worked exceedingly hard in the last 10-15 years. He set high goals for success in starting his orthopedic practice at a somewhat older age than was usual. I can find no particular factors on the day that the coronary occlusion actually complicated his long standing coronary artery disease that might have been causally related. It is hardly possible that the increased tempo of his work in the week or so preceding the actual coronary occlusion weighed materially in the actual occlusion which began on July 14, 1961.”
 We hold that the aforementioned testimony is sufficient to support the Commission’s findings; and, as we have repeatedly held in so many cases that we no longer cite authority in support thereof — this court will not overturn the findings of fact of the Commission when supported by the record.
The judgment is affirmed.
Mr. Justice McWilliams and Mr. Justice Schauer concur.